Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BRYAN LÓPEZ ROMÁN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400576 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Clasificación de Custodia<br><br>Caso Número: No Consta |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

El recurrente, señor Bryan López Román, comparece ante nos para que dejemos sin efecto la *Resolución* administrativa notificada el 11 de julio de 2024 por el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación (Comité de Clasificación). Mediante la misma, el referido organismo ratificó la clasificación en custodia mediana del recurrente.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**I**

Conforme surge, el aquí recurrente es miembro de la población correccional de la Institución Ponce Principal. En la misma, extingue una sentencia de ciento veinte seis (126) años por la comisión del delito de asesinato en primer grado, según tipificado en el Artículo 93 Código Penal de Puerto Rico de 2012, Ley 146-2012, 33 LPRA secs. 5142 y por infracción al Artículo 5.04 de la Ley de Armas, Ley 404-2000, 25 LPRA sec. 458(c). El recurrente se encuentra clasificado en custodia mediana.

El 11 de julio de 2024, el Comité de Clasificación notificó la *Resolución* aquí recurrida. Entre las determinaciones de hechos que consignó, hizo constar que, si bien, inicialmente, el recurrente estuvo clasificado en custodia máxima, el 25 de junio de 2021, se le reclasificó en custodia mediana. Así, tras efectuar un recuento de los esfuerzos institucionales provistos al recurrente, el Comité de Clasificación determinó ratificar la clasificación en custodia mediana del recurrente. En específico, dispuso que, si bien la puntuación arrojada a la luz de aplicación del Manual de Clasificación de Confinados correspondía a una clasificación de custodia mínima, se empleó una modificación discrecional para un nivel de custodia más alto, basado en el criterio de la severidad de los delitos por los cuales se le condenó a pena de cárcel.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 25 de septiembre de 2024, el recurrente compareció ante nos mediante el presente recurso de revisión judicial. En esencia, impugnó la determinación del Comité de Clasificación, por haberse fundamentado en la modificación discrecional de custodia por razón de la gravedad de los delitos. Ello, a pesar de que, en la *Resolución,* el Organismo reconoció su buena conducta y su cumplimiento con todos los programas institucionales de los cuales participó. Así, calificó de arbitraria y caprichosa la determinación emitida.

Procedemos a expresarnos de conformidad con el derecho aplicable.

**II**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Otero*

*Rivera v. Bella Retail Group, Inc.,* 2024 TSPR 70, 213 DPR ___ (2024); *Violí Violá Corp. v. Mun. Guaynabo,* 2024 TSPR 29, 213 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II et al.,* 179 DPR 923, 940 (2010). "Cobra vital importancia esta norma en aquellos casos en que la agencia revisora sea el [Departamento de Corrección y Rehabilitación] en asuntos sobre la clasificación de los confinados para determinar el nivel de custodia de estos". *Cruz v. Administración,* 164 DPR 341, 356 (2005).

En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo.* *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto

como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Otero Rivera v. Bella Retail Group, Inc.,* supra; *Violí Violá Corp. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 853 (2007).

**III**

En la presente causa, el recurrente plantea que incidió el Comité de Clasificación al ratificar su clasificación en custodia mediana ello, a su juicio, en contravención a las normas reglamentarias aplicables al ejercicio de su discreción a tal fin. En esencia, cataloga como arbitraria y caprichosa la determinación en controversia, al argumentar que la misma solo consideró la gravedad de los delitos por los cuales cumple pena de cárcel, sin que se pasara

juicio sobre su comportamiento actual y su esfuerzo por cumplir con los mecanismos institucionales provistos para su rehabilitación. Habiendo examinado los antedichos argumentos a la luz del derecho aplicable, confirmamos el dictamen administrativo recurrido.

Al entender sobre el contenido del expediente apelativo que nos ocupa, concluimos que, en la presente causa, no concurren los criterios legales que legitiman nuestra intervención respecto a lo dispuesto por un organismo administrativo. A nuestro juicio, el ejercicio adjudicativo efectuado por el Comité de Clasificación no transgredió los límites que delimitan el mismo, según impuestos en el Manual para la Clasificación de Confinados, Reglamento Núm. 9151 de 22 de enero de 2020. Conforme establece dicha compilación normativa, toda determinación del Comité sobre la reclasificación de custodia de un confiando sentenciado, debe fundamentarse "en el análisis de la totalidad de los expedientes del confinado desde su ingreso hasta el momento de su evaluación [...]". Sec. 7, Art. IV B, Reglamento Núm. 9151, *supra.* Conjuntamente, el Reglamento Núm. 9151, *supra,* provee para que, en la evaluación correspondiente, el Comité de Clasificación pueda considerar ciertos criterios que le permitan, de manera discrecional, modificar el grado de custodia que finalmente le será adjudicado al confinado. En dicho contexto, una modificación discrecional para un nivel de custodia mayor al aplicable, según la puntuación de la escala de reclasificación, debe basarse en los reportes disciplinarios del confinado, los informes de querellas, el contenido de su expediente criminal o social, y en "cualquier otra información o documento que evidencia ajustes o comportamiento del confinado contrario a las normas de seguridad institucional". Reglamento Núm. 9151, *supra,* Ap. K, Sec. III, D. En lo atinente, dentro de las consideraciones que permiten la modificación discrecional antes aludida, el Comité de

Clasificación puede pasar juicio sobre, entre otros criterios, la *gravedad del delito. Íd.*

En el caso de autos, y contrario a lo que plantea el recurrente, surge de la resolución administrativa recurrida que el Comité de Clasificación, al revisar la clasificación de custodia en controversia, entendió sobre la totalidad del expediente del recurrente en la institución, sin limitarse a la gravedad de los delitos por los cuales se le sentenció. Tan es así, que la *Resolución* desglosa todos los programas institucionales de los cuales ha sido parte el recurrente, reconoce su cumplimiento con los mismos y provee para que este continúe su rehabilitación de manera gradual. Sin embargo, en un sano ejercicio de las facultades discrecionales que le asisten en la determinación de una custodia mediana, y también con miras a que la rehabilitación sea una efectiva, el Comité de Clasificación intimó que la severidad de los delitos cometidos por el recurrente amerita que este continúe observando sus ajustes bajo medianas restricciones. En este sentido particular, destacamos que el Reglamento Núm. 9151, *supra*, impide al Comité de Clasificación recurrir al uso de la modificación discrecional de custodia fundada en el criterio de *gravedad del delito*, ello, para mantener a un confinado en *custodia máxima.* Sec. 6 (III) (D), Reglamento Núm. 9151, *supra*; Ap. K, III (C), Reglamento Núm. 9151, *supra.* No obstante, tal no es el caso del recurrente. Este no se encuentra en custodia máxima, por lo que los argumentos que al respecto esboza con el fin de suprimir la eficacia de la adjudicación aquí en controversia, carecen de mérito.

Es nuestro criterio que, al ratificar la custodia mediana recomendada para el recurrente, el Comité de Clasificación actuó de conformidad con la autoridad y discreción adjudicativa que en dicha tarea le asiste. Así pues, concluimos que el dictamen recurrido es uno razonable y cónsono con el derecho aplicable. Sabido es que,

en lo concerniente al proceso de clasificación de confinados, nuestro estado de derecho arroga especial deferencia a las determinaciones que, al respecto, emita el Departamento de Corrección y Rehabilitación, ello dado el margen de discreción que en la determinación correspondiente le asiste. *Lebrón Laureano v. Depto. Corrección,* 209 DPR 489, 503 (2022); *Cruz Negrón v. Administración,* supra, pág. 356. "Recordemos que el Comité [de Clasificación], por lo general, está compuesto de 'peritos en el campo tales como técnicos sociopenales y oficiales o consejeros correccionales'. Así, 'estos profesionales cuentan con la capacidad, la preparación, el conocimiento y la experiencia necesarios para atender las necesidades de los confinados y realizar este tipo de evaluaciones. *Lebrón Laureano v. Depto. de Corrección,* supra, pág. 504, citando a *Cruz v. Administrador, supra,* pág. 354-355. Siendo así, y en ausencia de señalamiento alguno sobre la existencia de prueba en el expediente administrativo que establezca lo contrario, concluimos que procede confirmar la resolución administrativa que nos ocupa.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones